UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA DOTSON,

    Plaintiff(s),

v.

DETROIT BOARD OF EDUCATION and
LAVONNE SHEFFIELD

    Defendant(s).
_____/

Case No. 02-74477

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD [68]**

This matter came before the Court on Plaintiff's motion to include the deposition transcript of Robert Griswold in the record for appeal. For the reasons that follow, the motion is DENIED.

Plaintiff Debra Dotson is a former employee of Defendant Detroit Board of Education ("Board of Education"). After facing financial difficulties, the Board of Education terminated Plaintiff's employment. Plaintiff then brought an action against Defendants alleging, amongst other things, that they retaliated against her in violation of the Family Medical Leave Act. Defendants filed a motion for summary judgment. This motion was fully briefed by the parties and the Court heard oral arguments on the matter. The Court then granted the motion on March 18, 2005.

On April 8, 2005, Plaintiff filed a notice of appeal with the Sixth Circuit. Then, on May 26, 2005, Plaintiff filed a motion seeking to supplement the district court record with Robert Griswold's deposition testimony. This evidence was not previously submitted or discussed.

Plaintiff relies on this District's Local Rule 26.2 which provides as follows: "If discovery material not previously filed with the Clerk is needed for an appeal in a case, the party maintaining custody of the discovery material shall file it with the Clerk either on stipulation by the parties or on order of the Court."  E.D. MICH. L.R. 26.2(d).  However, there is a Federal Appellate Rule of Procedure that also deals with correction/modification of the record:

> If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (A) on stipulation of the parties;
>     (B) by the district court before or after the record has been forwarded; or
>     (C) by the court of appeals.

FED. R. APP. P. 10(e)(2).  However, "if the local rule attempts to broaden and expand upon the limits of FED. R. APP. P. 10(e), it cannot accomplish this end." *Chrysler Intern. Corp. v. Cherokee Export Co.*, 1998 WL 45488, *2 (6th Cir. 1998)(unpublished disposition); *see also Tenenbaum v. Caldera*, 135 F.Supp.2d 803, 805 (E.D. Mich. 2001)("[T]he court concludes that Local Rule 26.2 cannot be used to circumvent the limitations of Federal Rule of Appellate Procedure 10.").

The Court therefore turns to FED. R. APP. P. 10(e)(2) to determine if the evidence can be added to the record.  "The purpose of the rule is to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals." *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982).  Thus, Plaintiff's motion to add the deposition testimony of Robert Griswold–that was not considered by this Court in Defendants' summary judgment motion–must be DENIED.

Being fully advised, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Plaintiff's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 9, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 9, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

3